| | |
|---|---|
| **Fill in this information to identify your case:** | |
| United States Bankruptcy Court for the: | |
| MIDDLE DISTRICT OF TENNESSEE | |
| Case number *(if known)* _____ Chapter **11** | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Essex Technology Group, LLC** |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **DBA  Bargain Hunt Stores** <br> **DBA  Essex Wholesale Group** |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **62-1823377** |

| | | | |
|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** <br><br> **3815 Logistics Way** <br> **Antioch, TN 37013** <br> Number, Street, City, State & ZIP Code <br><br> **Davidson** <br> County | **Mailing address, if different from principal place of business** <br><br><br> _____ <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | **www.bargainhunt.com** |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

| Debtor | **Essex Technology Group, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__4552__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

| Debtor | **Essex Technology Group, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

List all cases. If more than 1, attach a separate list

Debtor _____ Relationship _____
District _____ When _____ Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☒ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
        What is the hazard? _____
    - ☐ It needs to be physically secured or protected from the weather.
    - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
    - ☐ Other _____

    **Where is the property?** _____
    Number, Street, City, State & ZIP Code

    **Is the property insured?**
    - ☐ No
    - ☐ Yes. Insurance agency _____
      Contact name _____
      Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*
- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ■ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ■ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Case 3:25-bk-00452   Doc 1   Filed 02/03/25   Entered 02/03/25 08:58:53   Desc Main
Official Form 201   **Voluntary Petition for Non-Individuals Filing for Bankruptcy**   Document      Page 3 of 14   page 3

| Debtor | Essex Technology Group, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **February 3, 2025**
MM / DD / YYYY

**X** **/s/ Rob Hubbard**                                      **Rob Hubbard**
Signature of authorized representative of debtor        Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

**X** **/s/ David W. Houston, IV**                             Date **February 3, 2025**
Signature of attorney for debtor                                         MM / DD / YYYY

**David W. Houston, IV**
Printed name

**Burr & Forman LLP**
Firm name

**222 2nd Ave. S., Ste. 2000**
**Nashville, TN 37201**
Number, Street, City, State & ZIP Code

Contact phone  **615-724-3215**          Email address  **dhouston@burr.com**

**020802 TN**
Bar number and State

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Essex Technology Group, LLC |
| United States Bankruptcy Court for the: | Middle District of Tennessee |
| Case number (If known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | AMAZON.COM  410 TERRY AVE N  SEATTLE, WA, 98109 | TIA POWELL  tashby@amazon.com | TRADE | | 30,860,614.04 | 1,500,000.00 | 29,360,641.04 |
| 2 | AVERITT  PO BOX 102197  ATLANTA, GA, 30368 | JODI SMITH  800-283-7488  jodismith@averitt.com | FREIGHT | | | | 1,334,402.19 |
| 3 | ONE STEP UP LTD.  1412 BROADWAY 3RD FLOOR  NEW YORK, NY, 10018 | DAWN FIELDS  212-398-1110  dfields@onestepup.com | TRADE | | | | 1,316,829.30 |
| 4 | GEODIS LOGISTICS, LLC  15604 COLLECTIONS CENTER DRIVE  CHICAGO, IL, 60693 | CAMAREN HUMPHREY-DAVIS  615-542-9678  Camaren.Humphrey-Davis@geodis.com | FREIGHT | | | | 1,062,023.93 |
| 5 | LEE COMPANY  PO BOX 306053  NASHVILLE, TN, 37230 | KIM CRAWFORD  629-219-6048  kim.crawford@leecompany.com | TRADE | | | | 510,797.22 |
| 6 | TARGET CORPORATION  SDS-12-2372  MINNEAPOLIS, MN, 55486 | RENATA MONTEIRO  Renata.Monteiro@target.com | TRADE | | | | 491,722.00 |
| 7 | LEWISCO HOLDINGS  208 W. 30TH STREET # 301  NEW YORK, NY, 10001 | COURTNEY ARNDT  917-654-8761  courtney@lewiscoholdings.com | TRADE | | | | 473,129.10 |
| 8 | TRUE VALUE COMPANY, LLC  8600 W. BRYN MAWR AVE  CHICAGO, IL, 60631 | OMAR VALENCIA  800-621-6025 Option 5  Omar.Valencia@TrueValue.com | TRADE | | | | 404,278.67 |

| Debtor | Essex Technology Group, LLC | | Case number (if known) | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | WIS INTERNATIONAL<br>PO BOX 77631<br>DETROIT, MI, 48277 | MIKE LEMIEUZ<br>703-984-9279<br>mlemieux@wisintl.com | TRADE | | | | 361,600.80 |
| 10 | MANHATTAN ASSOCIATES, INC<br>PO BOX 405696<br>ATLANTA, TN, 30384 | BHAVYA VENKATESH<br>770-955-7070<br>bvenkatesh@manh.com | TRADE | | | | 331,519.13 |
| 11 | CONSOLIDATED CLOTHIERS, INC.<br>4535 MCEWEN ROAD<br>FARMERS BRANCH, TX, 75244 | MARY ROBERTS<br>214-678-0714<br>mroberts@consolidatedclothiers.com | TRADE | | | | 309,431.56 |
| 12 | CY DEALS LLC<br>PO BOX 100895<br>ATLANTA, GA, 30384 | MAGDALENA SNOW<br>212-481-8001<br>msnow@genevafactorsltd.com | TRADE | | | | 237,858.80 |
| 13 | NORTHPOINT TRADING INC.<br>347 5TH AVE STE 201<br>NEW YORK, NY, 10016 | KHIN AYE<br>212-481-8001<br>Khin@nptrd.com | TRADE | | | | 229,119.00 |
| 14 | DIAMOND PLASTICS, LLC<br>720 NORTHERN ROAD<br>MOUNT JULIET, TN, 37122 | RACHEL PIERCY<br>615.449.0886<br>rpiercey91@yahoo.com | TRADE | | | | 224,427.16 |
| 15 | DEMATIC CORP.<br>507 PLYMOUTH AVE NE<br>GRAND RAPIDS, MI, 49505 | NOAH KING<br>na.arinvoices@dematic.com | TRADE | | | | 222,810.29 |
| 16 | SUNNEST SERVICES LLC<br>PO BOX 16484<br>IRVINE, CA, 92623 | KELLY IDOL<br>800-628-1484<br>ardropship@sunjoygroup.com | TRADE | | | | 207,293.50 |
| 17 | IAPPAREL<br>463 7th Ave Rm 601<br>NEW YORK, NY, 10018 | DOLLY SOMIR<br>212-695-6343<br>Dolly@iapparelny.com | TRADE | | | | 196,852.50 |
| 18 | MAG APPAREL USA, INC.<br>PO Box 88926<br>CHICAGO, IL, 60695 | NANCY PEREZ<br>212-600-5657<br>NPerez@rosenthalinc.com | TRADE | | | | 181,154.30 |
| 19 | VOLT MANAGEMENT CORP<br>PO BOX 679307<br>DALLAS, TX, 75267-9307 | ARATHI MUPPURI<br>amuppuri@volt.com | TRADE | | | | 177,153.31 |
| 20 | ALL-STATE BROKERAGE<br>4663 EXECUTIVE DR STE 12<br>COLUMBUS, OH, 43220-3627 | JIM SZABO<br>615-451-2333<br>accounting@asbteam.com | TRADE | | | | 176,143.00 |

# ESSEX TECHNOLOGY GROUP, LLC

## UNANIMOUS WRITTEN CONSENT
## OF THE BOARD OF MANAGERS

### February 2, 2025

The undersigned, being all of the members of the board of managers (the "Board" and each member thereof, a "Manager") of Essex Technology Group, LLC, a Delaware limited liability company (the "Company,"), hereby takes the following actions and adopts the following resolutions by unanimous written consent (these "Resolutions") pursuant to the Company's Amended and Restated Limited Liability Company Agreement (the "LLC Agreement") and the Delaware Limited Liability Company Act, as amended:

WHEREAS, the LLC Agreement (i) designates Matthew R. Kahn as the sole Manager of the Board; and (ii) delegates to the Board the authority to, on behalf of the Board, and as the Manager deems appropriate or desirable in his discretion, among other things, adopt these Resolutions on behalf of the Board and bind the Company;

WHEREAS, the Board of the Company has reviewed the materials presented by, or on behalf of, the Company's management (the "Management") and its financial, legal, and other advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

WHEREAS, the Board has had adequate opportunity to consult with its Management and Advisors regarding the materials presented, to obtain additional information and to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Company has previously been granted authority to enter into a consulting agreement (the "Consulting Agreement"), and has entered into the Consulting Agreement, with Hilco Merchant Resources, LLC ("Hilco"), to represent and assist the Company in conducting store closure sales (the "Store Closing Sales") at the Company's stores; and

WHEREAS, the Board of the Company has determined, in the judgement of the Board, that the following resolutions, as applicable, are advisable and in the best interests of the Company, its interest holders, its creditors, and other parties in interest.

## Chapter 11 Case

NOW, THEREFORE, IT IS HEREBY RESOLVED, that in the judgment of the Board of the Company, it is desirable and in the best interests of the Company and its creditors, and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court").

**BE IT FURTHER RESOLVED**, that Rob Hubbard, as Chief Restructuring Officer ("CRO" and the "Authorized Person"), is authorized, empowered, and directed, in the name of and on behalf of the Company to execute, verify and file all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to commence the case and obtain chapter 11 relief, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefore and to obtain debtor-in-possession financing (if necessary), and to take, or cause to be taken, such other actions, as in the judgment of such Authorized Person shall be or become necessary, advisable, proper, or desirable in connection with the Company's chapter 11 case, such Authorized Person's performance of any such act and his execution and delivery of any such document, agreement, or instrument to be conclusive evidence of the Authorized Person's approval thereof.

## Cash Collateral

**BE IT FURTHER RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company to seek approval of a cash collateral order in interim and final form (a "Cash Collateral Order") and the Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all motions, agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the Cash Collateral Order, as well as any additional or further agreements for the use of cash collateral in connection with the Company's bankruptcy case, which agreement(s) may require the Company to grant liens to the Company's existing lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, all with such changes therein and additions thereto as the Authorized Representative approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof, subject to Bankruptcy Court approval.

## Store Liquidation Process

**BE IT FURTHER RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to investigate the potential for a going concern transaction and, on a parallel track, move forward with Hilco to continue the Store Closing Sales; and in connection therewith, the Authorized Person is hereby authorized, empowered, and directed to pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case (and to replenish said retainers as necessary to maintain the same) and cause to be executed and filed an appropriate motion with the Bankruptcy Court for authority to assume the Consulting Agreement, as applicable.

**BE IT FURTHER RESOLVED**, that the Authorized Person, and any employees or agents (including counsel) designated by or directed by such officer, be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take any and all other actions as they may deem necessary or advisable to implement the Sale Process as contemplated by the Bidding Procedures.

## Retention of Advisors

**BE IT FURTHER RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the law firm

of McDonald Hopkins LLC as general bankruptcy counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the chapter 11 case; and in connection therewith, the Authorized Person is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of McDonald Hopkins LLC.

**BE IT FURTHER RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of Burr & Forman, LLP as co-counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 case; and in connection therewith, the Authorized Person is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Burr & Forman, LLP.

**BE IT FURTHER RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ Rob Hubbard of Riveron Management Services, LLC to provide CRO services and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 case; and in connection therewith, the Authorized Person is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Rob Hubbard, and certain additional personnel employed by Riveron Management Services, LLC.

**BE IT FURTHER RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of Livingstone Partners LLC as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the chapter 11 case; and in connection therewith, the Authorized Person is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case (and to replenish said retainers as necessary to maintain the same), and cause to be executed and filed an appropriate application with the Bankruptcy Court for authority to retain the services of Livingstone Partners LLC.

**BE IT FURTHER RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ any other professionals, including attorneys, accountants, financial advisors, investment bankers, and tax advisors, necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Person is hereby authorized, empowered, and directed

to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case, and cause to be executed and filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary.

**Other Authorizations and Ratification**

**BE IT FURTHER RESOLVED**, that the Authorized Person, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to take any and all other actions as they may deem necessary or advisable to, in the Company's capacity as stockholder, shareholder, equity holder, managing member, sole member, general partner, limited partner, or member of the Company to cause the Company to execute, deliver, and perform any of the actions contemplated with respect to the chapter 11 case and these Resolutions or the transactions contemplated hereby.

**BE IT FURTHER RESOLVED**, that all lawful acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done by the Authorized Person or any director, manager, employee, legal counsel, or other representative of or advisor to the Company, in the name and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified.

**BE IT FURTHER RESOLVED**, that this Written Consent may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the undersigned have duly executed this written consent as of the date first above written.

        ESSEX TECHNOLOGY GROUP, LLC:

        BOARD OF MANAGERS:

        */s/ Matthew R. Kahn*
        Name: Matthew R. Kahn

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

In re:  )
 ) Chapter 11
ESSEX TECHNOLOGY GROUP, LLC,[1] )
 ) Case No. 25-_____ (___)
 Debtor. )
 )
 )

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholders | Approximate Percentage of Shares Held |
|---|---|
| ETGBH Holdings, LLC, a Delaware limited liability company | 100% |

---

[1] The last four digits of the Debtor's federal tax identification number are 3377. The corporate headquarters and the mailing address for the Debtor is 3819 Logistics Way, Antioch, Tennessee 37013.

35644742.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

In re:                                         )
                                               ) Chapter 11
ESSEX TECHNOLOGY GROUP, LLC,[1]                )
                                               ) Case No. 25-_____ (___)
        Debtor.                                )
                                               )
_____)

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Essex Technology Group, LLC | ETGBH Holdings, LLC, a Delaware limited liability company | 3819 Logistics Way Antioch, TN 37013 | 100% |

---

[1] The last four digits of the Debtor's federal tax identification number are 3377. The corporate headquarters and the mailing address for the Debtor is 3819 Logistics Way, Antioch, Tennessee 37013.

35644466.1

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/03/2025          ✗ /s/ Rob Hubbard
              MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                Rob Hubbard
                                Printed name

                                Chief Restructuring Officer
                                Position or relationship to debtor